UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
IN RE ADELPHIA COMMUNICATIONS       :        03 MDL 1529 (LMM)
CORPORATION SECURITIES AND          :
DERIVATIVE LITIGATION               :        <u>MEMORANDUM AND ORDER</u>
                                    :
------------------------------------x
                                    :
THIS DOCUMENT RELATES TO            :
                                    :
W.R. HUFF ASSET MANAGEMENT CO.,     :
L.L.C., <u>et al.</u> v. DELOITTE & :
TOUCHE LLP, <u>et al.</u> (03 Civ. 5752). :
                                    :
------------------------------------x

McKENNA, D.J.,


        A number of the defendants in this action -- <u>W.R. Huff
Mgmt. Co., L.L.C., et al. v. Deloitte & Touche LLP, et al.</u> (03
Civ. 5752) -- move, pursuant to Federal Rules of Civil Procedure
12(b)(6) and 17(a)(3), for an order dismissing, for lack of
standing, the claims of fifty-eight plaintiffs.[1]  For the reasons
set forth below, the motion is granted in part and denied in
part.

---
[1] The defendants are identified in Memorandum in Support of Defendants' Joint
Motion to Dismiss. ("Defs.' Mem.", Jan. 11, 2010, at 1 n.1.)  Defendants
initially sought dismissal of fifty-nine plaintiffs' claims, but no longer
seek dismissal as to plaintiff International Monetary Fund Staff Retirement
Plan ("IMFSRP"). (Reply Memorandum in Further Support of Defendants' Joint
Motion to Dismiss, Apr. 16, 2010, at 6 n.3.)  The plaintiffs whose dismissal
is sought are identified in Defs.' Mem., Jan. 11, 2010, Appendix A, less
IMFSRP.

## I. BACKGROUND AND PROCEDURAL HISTORY

Huff Asset Management Company ("Huff") initially brought this action on behalf of its investment clients against, inter alia, Adelphia Communications Corporation, its underwriters, banks, auditors, and law firms. (Third Am. Compl. ("TAC") ¶ 1.) Huff filed suit in its own name, pursuant to its authority to act as investment advisor and attorney-in-fact for its clients. (See Decl. of Max R. Shulman in Support of Defs.' Joint Mot. to Dismiss, Jan. 11, 2010 ("Shulman Decl."), Ex. 1; Pls.' Mem. of Law in Opp'n to Defs.' Joint Mot. to Dismiss the Claims of Fifty-Nine Pls. Named in the Third Am. Compl. Pursuant to Rules 12(b)(6) and 17(a)(3) of the Fed. R. of Civ. P. ("Pls.' Mem."), Mar. 5, 2010, at 2.) The original complaint was filed on June 7, 2002, in the United States District Court for the Western District of New York. (Shulman Decl., Ex. 1.) An amended complaint was filed on June 14, 2002. (Id., Ex. 2.) On or about August 1, 2003, the Judicial Panel on Multidistrict Litigation transferred the action to this district for inclusion in the above identified multidistrict litigation. (Docket No. 1.[2]) On or about December 12, 2003, plaintiffs filed a second amended complaint ("SAC"). (Shulman Decl., Ex. 8.) In 2005, this Court denied defendants' motion for dismissal, which was sought on the

---

[2] References herein to "Docket No." are to the docket for case number 03 Civ. 5752 in this district.

ground that Huff did not have standing to sue on behalf of its unnamed beneficial owner clients. In re Adelphia Comm. Corp. Sec. & Deriv. Litig., Nos. 03-MDL-1529, 03-CV-5752, 2005 WL 2087811 (S.D.N.Y. Aug. 30, 2005), adhered to on recons., 2005 WL 2667201 (S.D.N.Y. Oct 19, 2005). The Court of Appeals reversed and remanded, holding that Huff lacked constitutional standing to bring suit as a plaintiff in this action. W.R. Huff Asset Mgmt. Co., L.L.C. v. Deloitte & Touche, LLP, 549 F.3d 100 (2d Cir. 2008). Subsequently, this Court dismissed the SAC and granted Huff leave to move to amend its complaint. In re Adelphia Comm. Corp. Sec. & Deriv. Litig., Nos. 03-MDL-1529, 03-CV-5752, 2009 WL 1490599 (S.D.N.Y. May 21, 2009).

On January 30, 2009, Huff filed the proposed TAC, naming 156 of its investment clients as plaintiffs (see TAC ¶¶ 68-210), and argued that the naming of such plaintiffs should relate back to the date of commencement of the original action, June 7, 2002, pursuant to, inter alia, Federal Rule of Civil Procedure 17(a)(3). (Mem. of Law of Pl. W.R. Huff Asset Mgmt. Co., L.L.C. in Supp. of its Mot. for Relief from J. and for Leave to File a Third Am. Compl. Substituting the Beneficial Owners as Pls. Pursuant to Rules 60(b), 17(a), and 15 of the Fed. R. of Civ. P., Jan. 30, 2009, at 14-15.) This Court granted Huff's motion, allowing the TAC to relate back to the date of the original complaint, but recognized that there were still "threshold

factual questions that defendants should have the right to discovery on." Adelphia, 2009 WL 1490599, at *7.  In granting Huff's motion, this Court thus imposed the condition that defendants were entitled to expedited and limited discovery to determine which plaintiffs had executed valid powers of attorney as of the date of commencement of the action.  Id.

Defendants now move for dismissal on the ground that numerous plaintiffs, who did not provide Huff with valid powers of attorney prior to commencement of suit, were improperly added to this action and that the complaint therefore must be dismissed as to them.  (Mem. in Supp. of Defs.' Joint Mot. to Dismiss ("Defs.' Mem."), Jan. 11, 2010, at 11-12.)  Defendants argue that seven plaintiffs failed to have their powers of attorney acknowledged properly, nine plaintiffs never executed powers of attorney, and forty-two plaintiffs executed powers of attorney after Huff filed suit.  (Id. at 14-17.)

## II. DISCUSSION

### A. Standard of Review

A complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted".  Fed. R. Civ. P. 12(b)(6).  "In deciding a motion to dismiss, the Court ordinarily accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor."  In re

<u>Parmalat</u>, 501 F. Supp. 2d 560, 572 (S.D.N.Y. 2007) (citing <u>Levy v. Southbrook Int'l Invs., Ltd.</u>, 263 F.3d 10, 14 (2d Cir. 2001)).  To survive a 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  It is not the court's function "to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  <u>Festa v. Local 3 Int'l Bhd. of Elec. Workers</u>, 905 F.2d 35, 37 (2d Cir. 1990).

## B. Plaintiffs Whose Powers of Attorney Were Not Acknowledged, or Were Acknowledged After Commencement of This Action

Defendants move to dismiss the complaint as to seven plaintiffs due to defects in the acknowledgment of their powers of attorney.  Defendants allege that plaintiffs (1) Jeffrey L. Bassock, (2) Hope Yampol, (3) Richard Miller and (4) HOWW, L.L.C. failed to have their powers of attorney acknowledged. (Defs.' Mem., Jan. 11, 2010, at 10 n.16, Appx. A.)  Defendants also contend that plaintiffs (1) Fred Galland, (2) XL Investments, Ltd., and (3) XL Re Ltd. executed their powers of attorney prior to June 7, 2002, when the original complaint was

filed, but did not have them acknowledged until after that date. (Id., n.14, Appx. A.)

Under New Jersey law, "[a] power of attorney must be in writing, duly signed and acknowledged" by an appropriate officer. N.J. Stat. Ann. § 46:2B-8.9 (West 2011); see also N.J. Stat. Ann. §§ 46:14-2.1, 46:14-6.1 (West 2011).[3] An acknowledgment is not an insignificant formality. It is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by someone who signs a document and confirms that the signature is authentic." Black's Law Dictionary 23 (7th ed. 1999) (definition 4).

A specifically designated officer[4] may acknowledge a power of attorney only when the signer appears before him and "acknowledge[s] that it was executed as the maker's own act." N.J. Stat. Ann. § 46:14-2.1 (West 2011). In the case of a signer who executes a power of attorney on behalf of a corporation or legal entity, "the maker shall appear before a [specified] officer . . . and state that the maker was authorized to execute the instrument on behalf of the entity and that the maker executed the instrument as the act of the

---

[3] Defendants argue, and plaintiffs concede, that the law of New Jersey, where Huff does business, governs the acknowledgment issue. (See Defs.' Mem., Jan. 11, 2010, at 15-16; Pls.' Mem., Mar. 5, 2010, at 7-8.)

[4] Officers who are authorized to take acknowledgments are, inter alia, "(1) an attorney-at-law; (2) a notary public; (3) a county clerk or deputy county clerk; (4) a register of deeds and mortgages or a deputy register; [and] (5) a surrogate or deputy surrogate." N.J. Stat. Ann. § 46:14-6.1 (West 2011).

entity." _Id._   The acknowledgment process thus serves to give greater assurance to anyone affected by the document in question that it has been executed by the proper individual.  Here, each power of attorney form (apparently supplied by Huff to its clients), shows on its face an acknowledgment form.  (_See, e.g.,_ Decl. of Sheila Sadighi, Mar. 5, 2010 ("Sadighi Decl."), Exs. A-I.)

Defendants contend that because New Jersey law requires a power of attorney to be acknowledged, the five powers of attorney that were unacknowledged are fundamentally flawed. (Defs.' Mem., Jan. 11, 2010, at 16.) Defendants further cite the sections designated for acknowledgment on each power of attorney that remain unacknowledged in each case as evidence of invalidity. (_Id._)

Plaintiffs argue that New Jersey law makes no provision for "when a power of attorney is signed, but not notarized, and both the grantor and the attorney-in-fact choose to treat it as valid," as is the case here.  (Pls.' Mem., Mar. 5, 2010, at 7.) Plaintiffs further assert that the purpose of acknowledgment formalities is to protect the parties to the power of attorney from forgery.  (_Id._ at 8.)  Thus, plaintiffs claim, their powers of attorney are valid despite being unacknowledged, and defendants are "interlopers" who lack the legal right to challenge their validity. (_Id._ at 9.)

The plain language of the New Jersey statute contradicts the plaintiffs' arguments and clearly requires acknowledgement by a designated officer for a power of attorney to be valid. N.J. Stat. Ann. §§ 46:2B-8.9, 46:14-2.1, 46:14-6.1 (West 2011). Plaintiffs have not come forward with any persuasive reason why the failure of some plaintiffs to comply with New Jersey law and have their powers of attorney acknowledged should be excused. Accordingly, this Court dismisses the complaint as to all four above-named plaintiffs whose powers of attorney are unacknowledged: (1) Jeffrey L. Bassock, (2) Hope Yampol, (3) Richard Miller and (4) HOWW, L.L.C.

The Court also concludes, however, that no persuasive reason has been shown, nor does the Court perceive one, why a power of attorney executed on or before June 7, 2002, should be invalidated if acknowledgment occurred subsequently.  As plaintiffs note, the powers of attorney submitted by (1) Fred Galland, (2) XL Investments, Ltd., and (3) XL Re Ltd. were executed on June 7, 2002, and were notarized thereafter.[5] (Shulman Decl. ¶ 24, Ex. 22.)  Since acknowledgment occurred after execution (which occurred before the filing of the complaint), the powers of attorney of these three plaintiffs are

---

[5] Plaintiff Fred Galland's power of attorney was acknowledged by a notary on September 13, 2006.  (Defs.' Mem., Jan. 11, 2010, at Appx. A.)  Plaintiffs XL Investments, Ltd. and XL Re Ltd.'s powers of attorney were acknowledged by a notary on June 14, 2002.  (Id.)

valid.  Thus, the Court denies defendants' motion to dismiss as to (1) Fred Galland, (2) XL Investments, Ltd. and (3) XL Re Ltd.

## C. Plaintiffs Who Lack Powers of Attorney

Defendants move to dismiss this action as to nine plaintiffs, arguing that these plaintiffs never executed powers of attorney and therefore do not qualify as proper parties in this action.[6]  Without powers of attorney, defendants contend, Huff had no legal authority to proceed on behalf of the plaintiffs at issue.

Federal Rule of Civil Procedure 17(a)(1) states that "[a]n action must be prosecuted in the name of the real party in interest."  Further, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3).  After proper substitution of a party, "the action proceeds as if it had been originally commenced by the real party in interest." Id.

---

[6] These nine plaintiffs are (1) Allegiance Life Insurance Company, (2) Horace Mann Insurance Company, (3) Horace Mann Life Insurance Company, (4) Horace Mann Teachers Insurance Company, (5) The Huff Alternative Fund, L.P., (6) Qwest Combined DB/DC Master Trust, (7) WRH Offshore High Yield Partners, L.P., (8) XL Investments, and (9) XL Investment XL House.  (Defs.' Mem., Jan. 11, 2010, at 10 n.15, Appx. A.)

This rule is intended in "the interests of justice." Fed. R. Civ. P. 17 Advisory Comm. Note (1996). "Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed". Id. (emphasis added). "It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Id. (emphasis added).

Defendants argue that it was not an "understandable mistake" for Huff to substitute as plaintiffs any client who did not execute a power of attorney in the instant matter. (Defs.' Mem., Jan. 11, 2010, at 11-12.) Defendants' contention is that Huff could not possibly have been mistaken about its ability to sue on behalf of clients who never executed powers of attorney authorizing Huff to do so. (Id.)

Plaintiffs, on the other hand, assert that four of the above named plaintiffs did, in fact, execute powers of attorney. (Pls.' Mem., Mar. 5, 2010, at 9.) Plaintiffs submit that Horace Mann Educators Corp., another named plaintiff in this matter, executed a power of attorney on May 28, 2002, not only on its own behalf, but also on behalf of (1) Allegiance Life Insurance Company, (2) Horace Mann Insurance Company, (3) Horace Mann Life Insurance Company, and (4) Horace Mann Teachers Insurance Company (collectively, the "Horace Mann Companies"). (Id. at 10.) Huff managed these five clients' accounts pursuant to a

single investment management agreement executed by Horace Mann
Educators Corp. (Id.) In accordance with this management
arrangement, plaintiffs claim that these entities are affiliates
"on whose behalf Huff was authorized to act in connection with
this litigation." (Id.; see also Decl. of Edward T. Dartley,
Mar. 4, 2010 ("Dartley Decl.") ¶ 7; Sadighi Decl. ¶ 10.)

Plaintiffs point to no legal authority, however, that a
power of attorney binds any person or entity other than the
signer in his individual or representative capacity. The Court
finds no reason why Horace Mann Educators Corp.'s investment
management agreement with Huff should confer attorney-in-fact
authority upon Huff vis-à-vis the Horace Mann Companies.
Accordingly, this Court determines that it was not an
"understandable mistake" for Huff to fail to name these clients
as plaintiffs in its initial complaint. Without binding powers
of attorney, Huff had no authority to proceed on behalf of the
Horace Mann Companies in the first instance. This action is
thus dismissed as to (1) Allegiance Life Insurance Company, (2)
Horace Mann Insurance Company, (3) Horace Mann Life Insurance
Company, and (4) Horace Mann Teachers Insurance Company.

Defendants also argue that plaintiff WRH Offshore High
Yield Partners, L.P. ("WRH Offshore") did not execute a power of
attorney. (Defs.' Mem., Jan. 11, 2010, at 10 n.15, Appx. A.)
Plaintiffs assert, however, that WRH Offshore did, in fact,

11

execute a power of attorney on May 24, 2002, but inadvertently failed to produce a copy to defendants in response to their discovery request. (Pls.' Mem., Mar. 5, 2010, at 10; Dartley Decl., ¶ 5, Ex. A; Sadighi Decl., ¶ 9, Ex. C.) Though Plaintiffs' factual allegation is substantiated, WRH Offshore's power of attorney is invalid because it is not acknowledged. (See supra Part II.B.; see also Dartley Decl., Ex. A; see also Sadighi Ex. C.) Therefore, the complaint is dismissed as to WRH Offshore.

Plaintiffs concede that (1) XL Investments, (2) XL Investment XL House, (3) Huff Alternative Income Fund, L.P., and (4) Qwest Combined DB/DC Master Trust were inadvertently named as plaintiffs. (Pls.' Mem., Mar. 5, 2010, at 14.) The complaint is accordingly dismissed as to these four plaintiffs.

### D. Plaintiffs Whose Powers of Attorney Were Executed After the Date This Action Was Commenced

Defendants finally move to dismiss forty-two plaintiffs from this action on the ground that they executed powers of attorney after June 7, 2002, the date the action was commenced. (Defs.' Mem., Jan. 11, 2010, at 9 n.14.) Defendants argue that Huff had no standing to proceed on behalf of any client if it did not receive a power of attorney to do so until after the date of commencement of this action.

"It is a cardinal rule in all courts and tribunals that the filing of an action fixes the controversy. In no system of pleading can after occurring events be litigated except by filing of supplemental pleading by consent of court." United States v. S. Pac. Corp., 75 F. Supp. 336, 339 (D. Ore. 1947).

"The relevant date for measuring whether a plaintiff has standing is the date on which the suit commenced." Mayer v. Wing, 922 F. Supp. 902, 906 (S.D.N.Y. 1996) (citing United States Parole Comm'n v. Geraghty, 455 U.S. 388, 397 (1980)). Since the filing of this action on June 7, 2002, no motion to add a party has been filed.[7] The Court must, accordingly, conclude that the only parties to this action are those persons or entities who were parties on that filing date.

As to plaintiffs who executed powers of attorney after June 7, 2002, plaintiffs argue that, as of the dates of execution,

> Huff represented these Plaintiffs in the litigation as their investment adviser and attorney-in-fact, which it believed it could do in accordance with this Court's decisions rejecting Defendants' attempts to dismiss the lawsuit for lack of standing. That was an "understandable mistake" within the meaning of Rule 17(a). Consequently, these Beneficial

---

[7] Federal Rule of Civil Procedure 21 allows that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "Whether the motion pursuant to Rule 21 is to add or to drop a party, it must be made in the usual manner and with notice to the other parties." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure 502, § 1688 (3d ed. 2001).

> Owners were properly substituted for Huff as
> named Plaintiffs along with the other Plaintiffs
> added in the [TAC].

(Pls.' Mem., Mar. 5, 2010, at 2.) While it may be fair to allow Huff to remedy a situation in which it relied on erroneous decisions by this Court, it is another matter to allow Huff to add plaintiffs if and when it chooses to do so, without the appropriate motion.  If the Court were to do so, there would be nothing to stop additional beneficial owners from executing powers of attorney with Huff tomorrow, or anytime thereafter, in order to join the action.

Plaintiffs have offered no reason, nor does the Court perceive one, why plaintiffs who executed powers of attorney after the date of commencement of this action should be able to proceed.  As such, this Court grants defendants' motion to dismiss the complaint as to (1) Anthony Yampol Trust, (2) Barry Yampol Trust, (3) Brian Yampol Trust, (4) Eric Yampol Trust, (5) Jessica Yampol Trust, (6) Joanne Yampol, (7) Joseph Yampol, (8) Joseph Yampol Trust #2, (9) Yampol Family Trust, (10) Melvin Markey, (11) Lukeswood, L.L.C., (12) Lukeswood Holdings, L.P., (13) PSEG Nuclear LLC Master Decommissioning Trust, (14) The Kroger Co. Master Retirement Trust, (15) Costas Kondylis, (16) Museum of Science, (17) Exora Investments LLC, (18) The Fischer Scientific International Incorporated Defined Benefit Master Trust, (19) Orchid Investments L.L.C., (20) The Penates

Foundation, (21) CCC Investment Trust, (22) Gail Yampol, (23) Ilene Powers, (24) Research Beneficial Trust, (25) San Diego County Employees Retirement Association, (26) Goldsmith Family Foundation, (27) Goldsmith Testamentary Trusts, (28) Bennett Goodman, (29) Sally Freund, (30) Stanley Diller, (31) Joan Diller, (32) Jane Gerben Trust, by its Trustee Fred Galland, (33) Stephen Robin, (34) L-3 Communications Corporation, (35) James T. Morley, (36) Devon Kelly, (37) The American University in Cairo, (38) William Kelly, (39) American Friends of the Hebrew University, (40) International Paper Company, (41) Joanne Yampol Revocable Trust, and (42) Carol M. Judeson. (Defs.' Mem., Jan. 11, 2010, at 9 n.14, Appx. A.)

### III. CONCLUSION

For the reasons stated above, defendants' joint motion to dismiss is GRANTED in part and DENIED in part, in accordance with the foregoing ruling.

SO ORDERED.

Dated: December 2/, 2011

_____

Lawrence M. McKenna
U.S.D.J.

16