```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/02/2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
IN RE ADELPHIA COMMUNICATIONS       :    03 MDL 1529 (LMM)
CORPORATION SECURITIES AND          :
DERIVATIVE LITIGATION               :    MEMORANDUM AND ORDER
                                    :
------------------------------------x
                                    :
THIS DOCUMENT RELATES TO            :
                                    :
03 Civ. 5752                        :
                                    :
------------------------------------x

McKENNA, D.J.,

                                    1.

In this action -- <u>The Accident Fund Company (Blue Cross Blue Shield of Michigan), et al. v. Deloitte & Touche LLP, et al.</u> (a case related to the above identified multidistrict litigation) -- defendant Latham & Watkins ("Latham") moves, pursuant to Fed. R. Civ. P. 12(b)(1) & (6), for dismissal of the Second Amended Complaint ("SAC").[1] The only claim against Latham is Count One, for violation of Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k (SAC ¶¶ 487-497).[2]

Plaintiffs' argument is premised on the fact that the relevant prospectuses contained the statement that the "validity of the Notes offered hereby will be passed upon on behalf of the

---

[1] Plaintiffs have since filed a Third Amended Complaint ("TAC").

[2] In the TAC, Count One is alleged in ¶¶ 624-634.

COPIES MAILED TO COUNSEL OCT - 1 2012

underwriters by [Latham]" (Pl. Mem., July 13, 2004, at 2.)  No opinion by Latham, however, appears to have been filed or set forth in the registration statement or prospectuses.

The relevant statute, 15 U.S.C. § 77k, identifies the categories of person who may be found liable thereunder. Plaintiffs argue that Latham comes within Section 77k(a)(4) as

> . . . any person whose profession gives authority to a statement made by him, who has with his consent been named as having prepared or certified any part of the registration statement, or as having prepared or certified any report or valuation which is used in connection with the registration statement, with respect to the statement in such registration statement, report, or valuation, which purports to have been prepared or certified by him.

15 U.S.C. § 77k(a)(4). However, counsel for underwriters -- as was Latham -- are not treated as experts subject to 15 U.S.C. § 77k(a)(4). See SEC Rule 436(e), 17 C.F.R. § 230436(e). See Def. Mem., March 8, 2004, at 8-12.

\*   \*   \*

The motion of Latham & Watkins for dismissal of the SAC (and the TAC) is granted, without leave to appeal unless leave is granted on motion filed within 30 days of the date hereof.

SO ORDERED.

Dated: October  /  , 2012

_____
Lawrence M. McKenna
U.S.D.J.

2